**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 0:22-cv-61398**

Francine Prud'Homme Grenier as Trustee of
THE GRENIER FAMILY TRUST,

    Plaintiff,

v.

321 BIRCH, LLC, SOBELCO, INC.,
and STRICTLY GROUT, LLC,

    Defendants.
_____/

**COMPLAINT**

    Plaintiff, Francine Prud'Homme Grenier as Trustee of The Grenier Family Trust, files this Complaint against Defendants 321 Birch, LLC, SobelCo, Inc., and Strictly Grout, LLC, and alleges:

**GENERAL ALLEGATIONS**

    1.    This is an action for damages in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

    2.    Francine Prud'Homme Grenier ("Ms. Grenier"), an individual, is domiciled and a citizen of Canada. Ms. Grenier is the trustee of The Grenier Family Trust, under the Canadian trust created January 11, 2018. Ms. Grenier as trustee of The Grenier Family Trust is collectively referred to herein as "Grenier."

    3.    Defendant, 321 Birch, LLC ("321 Birch") is a Florida limited liability company with a principal place of business in Boca Raton, Florida. 321 Birch is the seller of the Property at issue.

4. Defendant, SobelCo, Inc. ("SobelCo") is a Florida Corporation with a principal place of business in Boca Raton, Florida. Upon information and belief, SobelCo is the builder and developer of the Property at issue.

5. Defendant, Strictly Grout, LLC, ("Strictly Grout") is a Florida limited liability company with its principal place of business in Palm Springs, Florida. Upon information and belief, Strictly Grout was hired by 321 Birch and SobelCo to clean the grout at the Property.

6. Venue is proper in this court pursuant to Chapter 47, Florida Statutes, because the cause of action occurred in Broward County, Florida.

7. All conditions precedent to bringing this action have occurred, been performed, or been waived.

## FACTUAL ALLEGATIONS

8. On or about February 6, 2021, Grenier and 321 Birch entered into a Purchase and Sale Agreement (the "Agreement") for a turnkey property, subject to punch-list items, located at 321 at Waters Edge, 321 North Birch Road, #902, Fort Lauderdale, FL 33304 (the "Property"). A copy of the Purchase and Sale Agreement is attached hereto and incorporated herein as Exhibit "A."

9. On or about March 19, 2021, Grenier visited the Property. During the visit, Grenier requested that 321 Birch and SobelCo address certain punch-list items, including cleaning the grout of the floor tiles.

10. Upon information or belief, sometime between March 19, 2021 and March 23, 2021, 321 Birch and SobelCo hired Strictly Grout to clean the grout of the tiles at the Property.

11. On or about March 23, 2021, Strictly Grout arrived at the Property to clean said grout. Strictly Grout improperly used an acid-based cleaner as the cleaning agent. As a result, the

solution burned the tile and removed its finish. The tiles are now unsightly with spots throughout and were therefore defective or otherwise not in accordance with the terms of the Agreement.

12. Immediately upon discovery of the defect, Grenier contacted the representatives for 321 Birch, SobelCo, and Strictly Grout and notified them of same. They acknowledged their responsibility of the defect and promised to replace the tile. A copy of the correspondence acknowledging responsibility is attached hereto and incorporated herein as Exhibit "B."

13. After several follow-up attempts by Grenier and months of waiting, Grenier is still left with damaged floors.

## COUNT I - BREACH OF CONTRACT
### (Against 321 Birch, LLC)

14. Plaintiff hereby incorporates Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Pursuant to the Agreement, 321 Birch was obligated to correct defects in workmanship or materials at its cost, within a reasonable period of time after closing. 321 Birch's failure to correct the defective and damaged floors constitutes a breach of the Agreement.

16. As a direct and proximate result of the aforementioned breach, Grenier has suffered damages, including but not limited to the costs to correct and replace the damaged floors and the loss of use of the Property.

17. Grenier has been forced to retain the undersigned counsel to prosecute this action and has become obligated to pay undersigned counsel reasonable attorneys' fees. Grenier is entitled to the award of reasonable attorneys' fees pursuant to Section 16 of the Purchase and Sale Agreement.

WHEREFORE, Grenier demands judgment for damages against 321 Birch, LLC, together with interest, attorneys' fees, and taxable costs incurred, and such other and further relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE
### (Against 321 Birch, LLC)

18.     Plaintiff hereby incorporates Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

19.     As Seller of the Property, 321 Birch owed a duty of reasonable care to the subsequent purchaser of the Property to deliver the Property in turnkey conditions, without defects and damage.

20.     321 Birch breached its duty and failed to exercise reasonable care when it hired Strictly Grout to perform services on their behalf, in which they caused the defects and failed to cure same noted in Paragraphs 10 through 13 of the Factual Allegations.

21.     321 Birch breached its duty of care because Strictly Grout was hired by them and under their direction and supervision.

22.     321 Birch knew or should have known that they were responsible for the actions of Strictly Grout.

23.     As a direct and proximate result of the aforementioned breaches, Grenier has suffered damages, including but not limited to the costs to correct and replace the damaged tile and the loss of the use of the Property.

WHEREFORE, Grenier demands judgment for damages against 321 Birch, together with interest and taxable costs incurred, and such other and further relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE
### (Against SobelCo, Inc.)

24.     Plaintiff hereby incorporates Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

25. As Developer of the Property, and as agreed to by the punch-list, SobelCo owed a duty of reasonable care to the subsequent purchaser of the Property to deliver the Property in turnkey conditions, without defects.

26. SobelCo breached its duty and failed to exercise reasonable care when it hired Strictly Grout to perform services on their behalf, in which they caused the defects and failed to cure same noted in Paragraphs 10 through 13 of the Factual Allegations.

27. SobelCo breached its duty of care because Strictly Grout was hired by them and under their direction and supervision.

28. SobelCo knew or should have known that they were responsible for the actions of Strictly Grout.

29. As a direct and proximate result of the aforementioned breaches, Grenier has suffered damages, including but not limited to the costs to correct and replace the damaged tile and the loss of the use of the Property.

WHEREFORE, Grenier demands judgment for damages against SobelCo, together with interest and taxable costs incurred, and such other and further relief as the Court deems just and proper.

### COUNT IV – NEGLIGENCE
### (Against Strictly Grout, LLC)

30. Plaintiff hereby incorporates Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

31. By agreeing to contract with 321 Birch and SobelCo for the cleaning of the tile and grout, Strictly Grout owed a duty of reasonable care to the owner and subsequent purchaser of the Property to clean the flooring and grout, without defects.

32. Strictly Grout breached its duty and failed to exercise reasonable care when it used the incorrect cleaning solution on the floors, which caused the defects, and when it failed to cure same as noted in Paragraphs 11 through 13 of the Factual Allegations.

33. Strictly Grout knew or should have known that the cleaning agent that it had chosen would damage the floors it was working on.

34. As a direct and proximate result of the aforementioned breaches, Grenier has suffered damages, including but not limited to the costs to correct and replace the damaged tile and the loss of the use of the Property.

WHEREFORE, Grenier demands judgment for damages against Strictly Grout, LLC, together with interest and taxable costs incurred, and such other and further relief as the Court deems just and proper.

Dated July 27, 2022.

Respectfully submitted,

*/s/Michael J. Friedman*
**Michael J. Friedman, Esq.**
Florida Bar No.: 650854
**Nicole D. Moss**
Florida Bar No.: 10003075
FRIEDMAN LEGAL
1001 Yamato Road, Suite 311
Boca Raton, Florida 33431
Telephone:    561-320-7788
mfriedman@friedmanlegalfl.com (primary)
nmoss@friedmanlegalfl.com (primary)
pleadings@friedmanlegalfl.com (secondary)
*Attorneys for Plaintiff*